IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States *ex rel.* Alex Abou-Hussein, | |
| Plaintiff, | |
| | Civil Action No. 2:09-1858-RMG |
| vs. | |
| Science Applications International Corporation and Sentek Consulting, | **ORDER** |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to be relieved from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. 78). Defendants have opposed the motion, and Plaintiff has filed a reply. (Dkt. No. 81, 83, 84). For reasons set forth below, the Court denies Plaintiff's Rule 60(b) motion.

**Factual Background**

Plaintiff filed this action on July 13, 2009 pursuant to the False Claims Act, 31 U.S.C. § 3730, and subsequently filed an Amended Complaint on April 8, 2010. (Dkt. Nos. 1, 12). The Amended Complaint asserted two False Claims Act counts against Science Applications International Corporation ("SAIC") and Sentek Consulting ("Sentek"), which were described as government contractors. (Dkt. No. 12 at 1-6). The Amended Complaint also included a third count, alleging retaliation against Plaintiff in his employment for pursuing the False Claims Act matters in violation of 31 U.S.C. § 3730(h). The retaliation count was asserted against

Defendants SAIC and Sentek and the Space and Naval Warfare Systems Command ("SPAWAR"). SPAWAR was described in the Amended Complaint as a "civilian agency of the United States" and the employer of Plaintiff. *Id.* at 1-2. The Amended Complaint did not allege that Plaintiff had an employment type relationship with Defendants SAIC or Sentek, either as an employee or as an independent contractor or agent.

SPAWAR moved to dismiss the claims against the agency on the basis that the assertion of a claim against the United States under the retaliation provisions of the False Claims Act was barred by sovereign immunity. (Dkt. No. 18 at 3-5). SPAWAR noted that Congress had made retaliation for whistle blowing activities by federal employees a prohibited act under 5 U.S.C. § 2302 and provided administrative procedures to challenge agency action in retaliation for such activities. *Id.* at 5-6. On June 9, 2010, United States District Judge Weston Houck granted SPAWAR's motion to dismiss. (Dkt. No. 24). Thereafter, Plaintiff unsuccessfully pursued his administrative remedies against SPAWAR.[1]

Defendants SAIC and Sentek subsequently moved to dismiss the balance of the Amended Complaint, including the two counts alleging traditional False Claims Act causes of action and the additional count alleging retaliation under 31 U.S.C. § 3730(h). (Dkt. No. 31, 32).

---

[1] On April 4, 2012, the Merit Systems Protection Board upheld the adverse decisions of two administrative law judges in two cases brought by Plaintiff related to the claims against SPAWAR. In reaching its decision, the Board noted that Plaintiff's allegations were "general and vague . . . and were often difficult to even understand." (Dkt. 78-2 at 4). The Board further found that Plaintiff had failed to show "any causal connection between a disclosure and a personnel action so as to suggest that the personnel action was in reprisal for a protected disclosure." *Id.* In addressing the pending motion, the Court may consider allegations in the complaint, documents incorporated into the complaint and matters upon which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court takes judicial notice of the decision of the Merit Systems Protection Board, which was produced to the Court by Plaintiff.

Following the filing of these motions to dismiss, Plaintiff's counsel moved to withdraw from the case. (Dkt. No. 53). The Court granted the motion to relieve counsel on December 16, 2010 and gave Plaintiff 60 days to retain other counsel. (Dkt. No. 56).[2] The Court thereafter granted Plaintiff two additional extensions of time to retain counsel (over the objections of Defendants) but he was never able to obtain counsel to represent him. Finally, on April 18, 2011, the Court dismissed Plaintiff's action on the basis that a False Claims Act suit cannot be brought *pro se*. (Dkt. No. 75). Plaintiff filed no appeal from this decision.

On April 17, 2012, one day shy of the one year anniversary of the Court's decision dismissing this action, Plaintiff filed a motion pursuant to Rule 60(b) to be relieved from the earlier judgment. (Dkt. No. 78). Plaintiff sought to reinstate only the retaliation count under 31 U.S.C. § 3730(h) against Defendants SAIC and Sentek on the basis that the general bar against a *pro se* party bringing a False Claims Act suit was inapplicable to claims brought for retaliation. (Dkt. No. 78). It is this motion which is now before the Court.

## Discussion

A party seeking relief from a final judgment under Rule 60(b) faces a heavy burden. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). As a threshold matter, the moving party must demonstrate (1) timeliness; (2) a meritorious claim or defense; (3) lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. *Id.* If, and only if, the moving party "has crossed this initial threshold" should the Court consider whether he has satisfied one of the six specific

---

[2] The undersigned was assigned this case on August 18, 2010.

sections of Rule 60(b). *Id.*

The Court's dismissal of all counts of the Plaintiff's Amended Complaint on the basis that Plaintiff was *pro se* was in error. Once Plaintiff became *pro se,* he was not permitted to continue the two traditional False Claims Act counts against the Defendants. *See, United States ex rel. Mergent Services v. Flaherty,* 540 F.3d 89, 93-94 (2d Cir. 2008). The dismissal of those claims was proper. However, Plaintiff's retaliation claim under § 3730(h) should not have been dismissed on the ground that he was acting *pro se. See, United States ex rel. Brooks v. Lockheed Martin Corp.,* 237 Fed. Appx. 802 (4th Cir. 2007). Instead, the Court should have then addressed the motions to dismiss the retaliation count which were pending at the time of the dismissal.

Since a meritorious claim is a threshold requirement for a successful Rule 60(b) motion, the Court will now address the viability of Plaintiff's retaliation claims under § 3730(h) against Defendants. Plaintiff alleges that after he reported misconduct by SAIC and Sentek, his employer, SPAWAR, retaliated against him. (Dkt. No. 12 at 9). Plaintiff alleges that "SPAWAR has acted on behalf of Sentek and SAIC." *Id.* As a result of Judge Houck's earlier ruling, Plaintiff's claims against SPAWAR were dismissed, leaving only Sentek and SAIC as defendants in the retaliation claim. Defendants assert that § 3730(h) provides a cause of action only for an employee or a person in an employment type of relationship, such as an independent contractor or agent. As previously noted, Plaintiff had no employment, contractual or agency relationship with Defendants.

There is much support for Defendants' position. *United States ex rel. Morgan v. Science Applications International Company,* 604 F.Supp.2d 245, 250 (D.D.C. 2009); *Palladino ex rel.*

*U.S. v. VNA of Southern New Jersey, Inc.*, 68 F.Supp.2d 455, 464-465 (D.N.J. 1999); *United States ex rel. Chandler v. The Hektoen Institute for Medical Research*, 35 F.Supp.2d 1078, 1087 (N.D. Ill. 1999); *Mruz v. Caring, Inc.*, 991 F.Supp. 701, 708-709 (D.N.J. 1998). The Court finds particularly persuasive the thoughtful decision in *Mruz*, which noted that the statutory language of § 3730(h) reflected "a legislative intent to operate exclusively in the area of the employment relationship." 991 F.Supp. at 709. This was reflected in the statutory reference to prohibiting actions which "discriminated . . . in the terms and conditions of employment" and the remedies provided, which "can logically be granted only by someone who has or had an employment relationship . . . ."[3] *Id.* The *Mruz* court further observed that other sections of the False Claims Act allowed for actions against parties which conspired with or aided and abetted persons who violated the Act, and Congress knew how to broaden the scope of potential defendants in retaliation claims if it desired to do so. *Id.*

Plaintiff argues that 2009 amendments to the False Claims Act allowed for the first time actions against non-employers. (Dkt. No. 41 at 3; 78 at 2). Plaintiff misapprehends the changes made by the 2009 amendment to § 3730(h). In the years preceding the 2009 amendments, a number of courts held that § 3730(h), which referred to "any employee", did not provide protection for persons in employment type relationships but who were technically independent contractors or agents. These included decisions of the Fourth Circuit in *Vessell v. DPS Associates of Charleston, Inc.*, 148 F.3d 407, 411 (4th Cir. 1998) and the Third Circuit in *United States ex rel. Watson v. Connecticut General Life Insurance Co.*, 87 Fed. Appx. 257, 261 (3rd

---

[3] Remedies under § 3730(h)(2) include reinstatement with no loss of seniority, double back pay and interest on back pay.

Cir. 2004).

The 2009 amendments sought to correct what Congress viewed as the unduly narrow interpretation that the courts had given to the term "employee". § 3730(h) was changed from prohibiting retaliation against "any employee" to "any employee, contractor or agent". The statute continued to prohibit any discrimination because of lawful acts in furtherance of the False Claims Act "in the terms and conditions of employment." The Senate Judiciary Committee's Report for the 2009 amendments to the False Claims Act noted what Congress viewed as the narrow decisions of the Third and Fourth Circuits regarding the meaning of the word "employee" and the need to make the statutory changes "[t]o correct this loophole." S. REP. NO. 110-507, 110th Cong., 2nd Session (September 25, 2008), 2008 WL 4415147 at *26-27. The Report noted that "by simply including the terms 'government, contractor, or agent' in addition to the term 'employee'", the statute would "assist individuals who are not technically employees within the typical employer- employee relationship, but nonetheless have a contractual or agent relationship with an employer." Id.[4]

Plaintiff does not allege in the Amended Complaint that he had any personal

---

[4] Plaintiff further argues that the 2009 amendment to § 3730(h) removed the term "employer" from the statute, thereby implying that Congress intended to extend the right to pursue retaliation claims against *all* non-employers. (Dkt No. 41 at 3). Such an interpretation ignores the fact that by necessity the statute could no longer refer only to "employers" since it would apply to entities which had an independent contractor or agency relationship with persons subject to the Act. Thus, the removal of the term "employer" by the 2009 amendment to § 3730(h) was a device to accommodate the broader group of potential plaintiffs who are in employee type roles but who may not be technically be employees and the broader group of potential defendants who are in employer type roles but may not technically be employers. There is no indication in the revised statutory language of the 2009 amendments or in the legislative history that indicate a Congressional intent to broaden the scope of § 3730(h) to include potential defendants who have no employer type relationship with plaintiffs.

employment, contractual or agency relationship with Defendants SAIC or Sentek. These Defendants were simply government contractors who were alleged in the Amended Complaint to have acted through Plaintiff's employer, SPAWAR, to retaliate against him. (Dkt. No. 12 at 9). These Defendants fall well outside the scope of the 2009 amendment to § 3730(h) and are not proper party defendants in a retaliation claim under the False Claims Act. *Mruz*, 991 F. Supp. at 708-709. Thus, Plaintiff cannot demonstrate that his § 3730(h) claim against Defendants is meritorious, an essential requirement in a successful Rule 60(b) motion to set aside a final judgment.

Further, Plaintiff is unable to carry his burden of showing any "exceptional circumstances" in this matter which justify the "extraordinary" remedy of being granted relief from a final judgment under Rule 60(b). *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). This requires the Court to balance the "sanctity of final judgments" against the "incessant command . . . that justice be done in light of all the facts." *Id.* Plaintiff provides no adequate justification for failing to timely appeal the Court's Order of April 18, 2011. The Court notes that Plaintiff's motion to be relieved from judgment was submitted only weeks after his unsuccessful appeal against SPAWAR before the Merit Systems Protection Board, which the Court finds was Plaintiff's effort to have another "bite at the apple" after his whistle blower claim against his employer failed to provide him any relief. A Rule 60(b) motion is "not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire and Casualty Auto. Ins. Co.*, 993 F.2d at 48.

## Conclusion

Based upon the foregoing, the Court finds that Plaintiff is not entitled to relief from a

employment, contractual or agency relationship with Defendants SAIC or Sentek. These Defendants were simply government contractors who were alleged in the Amended Complaint to have acted through Plaintiff's employer, SPAWAR, to retaliate against him. (Dkt. No. 12 at 9). These Defendants fall well outside the scope of the 2009 amendment to § 3730(h) and are not proper party defendants in a retaliation claim under the False Claims Act. *Mruz*, 991 F. Supp. at 708-709. Thus, Plaintiff cannot demonstrate that his § 3730(h) claim against Defendants is meritorious, an essential requirement in a successful Rule 60(b) motion to set aside a final judgment.

Further, Plaintiff is unable to carry his burden of showing any "exceptional circumstances" in this matter which justify the "extraordinary" remedy of being granted relief from a final judgment under Rule 60(b). *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). This requires the Court to balance the "sanctity of final judgments" against the "incessant command . . . that justice be done in light of all the facts." *Id.* Plaintiff provides no adequate justification for failing to timely appeal the Court's Order of April 18, 2011. The Court notes that Plaintiff's motion to be relieved from judgment was submitted only weeks after his unsuccessful appeal against SPAWAR before the Merit Systems Protection Board, which the Court finds was Plaintiff's effort to have another "bite at the apple" after his whistle blower claim against his employer failed to provide him any relief. A Rule 60(b) motion is "not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire and Casualty Auto. Ins. Co.*, 993 F.2d at 48.

## Conclusion

Based upon the foregoing, the Court finds that Plaintiff is not entitled to relief from a

employment, contractual or agency relationship with Defendants SAIC or Sentek. These Defendants were simply government contractors who were alleged in the Amended Complaint to have acted through Plaintiff's employer, SPAWAR, to retaliate against him. (Dkt. No. 12 at 9). These Defendants fall well outside the scope of the 2009 amendment to § 3730(h) and are not proper party defendants in a retaliation claim under the False Claims Act. *Mruz*, 991 F. Supp. at 708-709. Thus, Plaintiff cannot demonstrate that his § 3730(h) claim against Defendants is meritorious, an essential requirement in a successful Rule 60(b) motion to set aside a final judgment.

Further, Plaintiff is unable to carry his burden of showing any "exceptional circumstances" in this matter which justify the "extraordinary" remedy of being granted relief from a final judgment under Rule 60(b). *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). This requires the Court to balance the "sanctity of final judgments" against the "incessant command . . . that justice be done in light of all the facts." *Id.* Plaintiff provides no adequate justification for failing to timely appeal the Court's Order of April 18, 2011. The Court notes that Plaintiff's motion to be relieved from judgment was submitted only weeks after his unsuccessful appeal against SPAWAR before the Merit Systems Protection Board, which the Court finds was Plaintiff's effort to have another "bite at the apple" after his whistle blower claim against his employer failed to provide him any relief. A Rule 60(b) motion is "not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire and Casualty Auto. Ins. Co.*, 993 F.2d at 48.

## Conclusion

Based upon the foregoing, the Court finds that Plaintiff is not entitled to relief from a

final judgment pursuant to Rule 60(b). He cannot carry his burden of establishing, as a threshold matter, that he has a meritorious claim or that exceptional circumstances justify the grant of relief. Therefore, the Court **DENIES** Plaintiff's motion for relief from final judgment. (Dkt. No. 78).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

May 3, 2012
Charleston, South Carolina